In The
United States District Court
Southern District of Illinois

Jamal Barghouti

vs.

Randy Pfister
Sarah Johnson
Officer Davis (first name unknown)
David Rednour

SCANNED AT STATEVILLE CC and E-mailed
12-11-12 by [initials] 23 pages
date    Initials    No.

No. 12-1258-GPM

## I

### Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States. This court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff also seeks injunctive relief authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

1

2. The Southern District of Illinois is an appropriate venue under 28 U.S.C. section 1391(b)(2) because Menard Correctional Center, in Chester, Illinois, is where the events giving rise to this complaint occurred.

## II
## Plaintiff

3. Plaintiff, Jamal Barghouti, is at all times mentioned herein, in the custody of the Illinois Department of Corrections. He is currently confined at Stateville Correctional Center, in Joliet, Illinois.

## III
## Defendants

4. Defendant, Randy Pfister, is at all times mentioned herein, the Acting Warden at Pontiac Correctional Center. He is legally responsible for the day-to-day operations, safety and security of all staff members, inmates, and visitors at that facility. He is being sued in his individual and official capacities.

2

5. Defendant Sarah Johnson, is at all times mentioned herein, an employee of the Illinois Department of Corrections. She is assigned to the Administrative Review Board and answers inmate grievances. She is being sued in her individual and official capacities.

6. Defendant Davis (first name unknown), is at all times mentioned herein, an officer at Menard Correctional Center. He is being sued in his individual and official capacities.

7. Defendant David Rednour, is at all times mentioned herein, the Warden at Menard Correctional Center. He is legally responsible for the day to day operations, safety and security of all the staff, inmates, and visitors at that facility. He is being sued in his individual and official capacities.

## IV
## Facts

8. On July 4, 2011, at approximately 10:00 A.M., plaintiff was escorted to the North II cellhouse

3

after an alleged assault on officer Murry. Lt. Ferrell the escorting officer, informed officer Davis, the receiving officer about the alleged assault.

Plaintiff was then placed in a shower where he was stripped search, redressed, and rehandcuffed. Officer Davis then opened the shower and directed the plaintiff to exit backwards. Plaintiff complied, then officer Davis began punching him in the neck and back several times.

Plaintiff was then placed in or around cell 235 where he stayed for approximately (30) thirty minutes before officer Davis returned to escort him to internal affairs to be interviewed.

Upon arrival plaintiff informed officer Spiller about the earlier incident where officer Davis attacked him. Officer Spiller's response was, "that's above my pay grade." At the end of the interview officer Spiller inquired about the petitioners mother. Petitioner responded that, "that information was irrelevent."

Officer Davis then escorted the plaintiff from the interview room. When plaintiff was pass the

4

bullpen officer Davis told plaintiff to face the wall then he began to punch plaintiff in his face and head. When officer Davis was finished he told plaintiff, "Next time one of my officers ask you a question you answer him."

Plaintiff was then escorted to cell 634 where officer Davis attempted to break plaintiff's wrist while taking off the handcuffs. When officer Davis wasn't successful he attempted to slam plaintiff's hands in the chuckhole.

Everyday from July 4, 2011, until plaintiff was transferred to Pontiac Correctional Center on August 12, 2011, I requested medical attention and to speak to a member of the crisis team, but all request were ignored

## V

### Exhaustion of Legal Remedies

9. Plaintiff used the Prison grievance procedure available to him at Menard and Pontiac Correctional Centers to try and remedy the issue addressed in this complaint. The grievances

5

submitted at Menard Correctional Center were never returned.

For those that were returned with an adverse or unsatisfactory response plaintiff appealed the decision to the Administrative Review Board. (See grievances attached hereto as exhibit A.)

## VI
## Legal Claim(s)

### Excessive Force

10. Plaintiff reallege and incorporates by reference paragraphs 1-9.

11. Officer Davis violated plaintiffs Eighth Amendment rights when he hit plaintiff about his face and back in retaliation to the allegation that plaintiff assaulted officer Murry.

12. Excessive bail shall not be required, nor excessive fines be imposed, nor cruel and unusual punishments inflicted. United States

6

Constitution. Amendment VIII

13. A guard's use of force violates the Eighth Amendment when it is not applied in a good faith effort to maintain or restore discipline but instead is used to maliciously and sadistically cause harm. Hudson v. McMillian, 503 U.S. 1 (1992); Whitley v. Albers, 475 U.S. 312, 319 (1986).

14. When analyzing Eighth Amendment claims that allege excessive force, courts consider both the objective severity of the inmate's injury and the subjective culpability of the official. Hudson, 503 U.S. at 8

15. ~~The objective element can be satisfied by pain~~ alone, even in the absence of an "enduring injury." Hudson, 503 U.S. at 8-9.

16. Plaintiff is required to show subjective element by malicious and sadistic standard which requires plaintiff to identify specific culprit. Harper v. Albert, 400 F.3d 1052 (7th Cir 2005)

7

17. However, the key element of excessive force inquiry is whether officials acted with culpable state of mind; prisoner need not have significant injury. Wilkins v. Haddy, 130 S. Ct. 1175, 1178 (2010).

18. Officer Davis's use of force served absolutely no legitimate penalogical objective.

19. The alleged assault plaintiff was involved in with officer Murry occurred in the East cellhouse approximately twenty (20) minutes before the plaintiff was repeatedly assaulted by officer Davis.

20. Safety and order had already been reestablished ~~prior to plaintiff's arrival to the North II cellhouse~~. Furthermore, while plaintiff was in officer Davis's custody he made no furtive or assertive gestures to warrant any more force necessary to escort him to internal affairs and to a cell.

21. Officer Davis's actions were clearly retaliatorial and as a result plaintiff suffered injuries.

8

## VII
## Prayer for Relief

Wherefore plaintiff respectfully pray that this court enter judgment

22. Grant plaintiff a declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United States and the State of Illinois.

23. A preliminary and permanent injunction ordering defendant Davis stay at least 1000 ~~yoo~~ yards from plaintiff at all times

24. Plaintiff seeks compensatory damages in ~~the amount of $200,000 against each defendant~~ jointly and severally.

25. Plaintiff seeks punitive damages in the amount of $300,000 against each defendant jointly and severally

26. And any additional relief this Court deems just, proper, and equitable.

9

Dated 12/6/2012

Respectfully submitted,
Jamal Barghouti
Jamal Barghouti #R57068
Stateville Correctional Center
P.O. Box 112
Joliet, Ill
60434

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on ~~information and belief, and as to those, I~~ believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

x Jamal Barghouti

# EXHIBIT J

ILLINOIS DEPARTMENT OF CORRECTIONS

# Administrative Review Board
# Return of Grievance or Correspondence

Offender: __Barghout_____ __Jamal_____ _____ __R57068__
            Last Name                       First Name                    MI         ID#

Facility: __Pon__

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: __7/18/11__ or ☐ Correspondence: Dated: _____
Received: __11/14/11__ Regarding: __Staff Conduct__

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide a copy of your written Committed Person's Grievance, DOC 0046 including the counselor's response if applicable).
- ☐ Provide a copy of the Committed Person's Grievance Report, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
  Office of Inmate Issues
  1301 Concordia Court
  Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied by the facility, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board
  319 E. Madison St., Suite A
  Springfield, IL 62706

**No further redress:**
- ☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.
- ☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on ___/___/___.
                                                Date
- ☐ No justification provided for additional consideration.

Other (specify): _____

Completed by: __Sarah Johnson__      Signature: __Sarah Johnson__     Date: __11/16/11__
             Print Name

Distribution: Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

# ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

**Date:** 7/18/2011  
**Committed Person (Please Print):** JAMAL BARGHOUTI  
**ID#:** R57068  
**Present Facility:** MENARD C.C.  
**Facility where grievance issue occurred:** MENARD C.C.

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [x] Other (specify): Violation of my 8th Amendment Rights
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On July 4, 2011 in between the 7-3 shift, I was taken to North 2 segregation for an allege staff assault. I was placed in the none functional shower before cell 2-01 in North 2. LT. Ferrell (3696) then told C/O Davis and the other C/O's by him that I had assaulted C/O Murry. After I was stripped search and given a jump suit by C/O Davis. He opened the shower to let me out and told me to come out backwards. As I walked out he stopped looked both ways and punched me twice on the middle of my upper back and lower neck area hurting my spin. He then put me somewhere around 2-35 cell. C/O Davis made me put my hands backwards out the chuckhole. He pulled on them real hard causing pain. Then he uncuffed me and left. About 20-30 minutes later C/O Davis took me to I.A. and I told C/O

**Relief Requested:** Ic immediate transfer to Statesville, restraining order to be placed on C/O Davis, restitution or punitive damages to be paid, and suspension without pay or the termination of employment of C/O DAVIS.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

**Committed Person's Signature:** Jamal Barghouti  
**ID#:** R57068  
**Date:** 7/18/2011

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

**Date Received:** ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

**Response:** _____

Print Counselor's Name _____ Counselor's Signature _____ Date of Response ___/___/___

---

### EMERGENCY REVIEW

**Date Received:** ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____ Date ___/___/___

Spiller and another c/o with him that c/o Davis was hitting me while I had hand cuffs on and c/o Spiller said "that's above my pay grade." I asked him if he could take me back to my cell because c/o Davis was Assaulting me every chance he got. But instead c/o Spiller just kept on asking me about the alleged staff assault on c/o Murry.

Then c/o Spiller took me out the room and put me in the hallway were c/o Davis was sitting and c/o Spiller asked me what my mothers name was and I told him that information was erelevant than c/o Davis took me down the hall, East of the Health Care bull-pin by a Desk. Made me face the wall and started punching me on my left side of my face and head area 3 times then c/o Davis said "Next time one of my c/o's asks you a question, you answer him." I yelled for help while this was happening but nobody came. There was 2 c/o's sitting on top of the desk but they didn't care. Then he took me by the entrance door at the beginning of 6 gallery North? and told me to put my head on the metal door as he looked both ways but instead I made it a little passed the door enough to see cell 6-01 and told them "this c/o is beating me up" and I tryed to give them my name and number but then c/o Davis took me to cell 6-24 and as I put my hands out the chuckhole again to take my cuffs off he took them off and bent my wrists and tried to slam the chuckhole sliding door on me but I pulled them in before he could. He then grinned at me through the glass and said "I got your number." and left. I was left inside cell 6-24 for a Day and a half (1½) without a bed cushion and had to sleep on bear metal. I wasn't given toilet paper or anything. I asked for medical attention on the 3-11 Shift and requested a Crisses team but none was given to me.

Then I was moved to North 2-4 gallery 4 cell and was not given any toilet paper until July 8th. I recieved my property on July 7th but because Laundry day was on the 4th c/o Murry threw my laundry bag away that had 4 pairs of boxers, shirts, 2 bed sheets, and a pillow cover. I have only 1 pair of boxers and no sheets or pillow cover.

I fear for my safty every 7-3 shift because that's when c/o Davis works. I fear that he might come and get me when I have a pass or any movement and take me to one of those corners like he did on July 4th and physically assault me, violating my rights by cruel and unusual punishment.

I sent a copy to the Chief Administrative officer and got no response in Menard C.C. I was transferred to Pontiac C.C. and was not allowed to get this grievance out my legal box until 10-3-2011. I sent a copy to Counselor Elits and He lost my grievance and never responded.



**Illinois Department of Corrections**

Pat Quinn
Governor

S. A. Godinez
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## MEMORANDUM

DATE: 11-05-11 R
TO: BARGHOUTI # 57068  Cell W920
FROM: Grievance Officer
Pontiac Correctional Center
SUBJECT: Attached Grievance: Staff Conduct — Menard CC - C/O Murry
Date Received: 11-05-11   (Issue 7-04-11)

The attached is being returned for the reason(s) listed below:

\_\_\_\_ Contact your Correctional Counselor

\_\_\_\_ Use proper Committed Person's Grievance (DOC 0046)

\_\_\_\_ Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred

\_\_\_\_ Forward grievance directly to the Administrative Review Board (protective custody, enforced medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered by the Director)

__X__ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further

\_\_\_\_ Unable to determine nature of grievance/correspondence. Submit additional specific information.

\_\_\_\_ Illegible copy submitted – submit legible copy for consideration.

\_\_\_\_ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

\_\_\_\_ Issue has been previously addressed on _____. Nor justification for further consideration

\_\_\_\_ Contact the Record Office with you request and/or additional information (sentence calculations, jail credits, etc.)

\_\_\_\_ Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (executive clemency parole violation issues, etc.)

\_\_\_\_ Other: _____

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

**Date:** 7/17/2011
**Offender:** (Please Print) JAMAL BARGHOUTI
**ID#:** R57068
**Present Facility:** PONTIAC C.C.
**Facility where grievance issue occurred:** MENARD C.C.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Disciplinary Report:
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Violation of 8th Amendment Rights

7/4/2011  MENARD C.C.
Date of Report  Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** Around 7:30-8p.m. C/O Murry 3617 was picking up trash when he placed 2 milks that were on the bars on the counter top of cell EAst 4 gallery 6 cell and refused to throw it away. I placed the milks back on the bars. When C/O Murry was leaving with the trash he told me "Take them off the bars because I ain't going to throw them away." I told C/O Murry "thats were I put my trash at" and as C/O Murry was leaving he pushed both milks inside my cell. Both milks fell and busted inside the cell. I cleaned the spilled milk off the floor and placed both busted cartons of milk back on the bars. When C/O Murry passed by again I asked him "Why did you do that childish thing? Where suppose to be grown men and you act Childish by throwing these milks in my cell to bust." Then I Requested to speak-

**Relief Requested:** An immediate transfer to Stateville, my tickets to be dismissed, A restraining order to be placed on C/O Murry (3617), and for C/O Murry and LT Ferrell to be demoted or penalized for the violation of my constitutional 8th Amendment rights.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Jamal Barghouti    R57068    11/1/2011
Offender's Signature    ID#    Date
(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

**Date Received:** / /
[x] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** Discipline

Received 11-4-2011 From Counselor McNabb

Print Counselor's Name    Counselor's Signature    Date of Response

---

### EMERGENCY REVIEW

**Date Received:** / /
Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    Page 1    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

to the lieutenant and c/o murry said "you could wait until the lieutenant makes his rounds" and I said "its your job to call A lieutenant when requested by inmate." c/o murry then started leaving and said "fuck you and fuck calling the lieutenant."

Then 5-10 minutes later I hollered "lieutenant needed on 4 gallery" and c/o murry hollered from the officers cage "Shut up Barghout."

Lieutenant ferrell 3696 then showed up on 4 gallery with c/o murry right behind him 5-10 minutes later. I stopped Lt.ferrell and told him in details how murry refused to throw the trash and while murry was leaving he pushed the milks off the bars to fall inside the cell and busted. How I had to clean the spilled milk and How murry came back and became verbally abusive towards me. Lt.ferrell then said "I don't believe murry would do that or say those things. This is his gallery. He could right you a ticket for disobeying A Direct order for not taking the milks off the bars." I then requested to see the Major and Lt.ferrell said he would call him but he never did and left. When murry left with him he grinned at me.

Twenty minutes later c/o murry was doing his round on 4 gallery. The milks were still on the bars about chest level and as he got to my cell again he began to try to push the milks but this time I was on the other side of the bars trying to stop the milks from falling. The milks where open because they busted earlier so some splashed on c/o murry, some got on me, and on the bars. After the milks fell and spilled, c/o murry got on his radio and called a 10-25.

Then Lt.ferrell along with 2 other c/o's came to my cell and I requested to speak to A major before I would cuff up because Lt.ferrell was siding with c/o murry. Then all four c/o's maced me through the bars. Lt.ferrell told me to cuff up and I requested A major first then I would cuff up. Lt.ferrell then cuffed my cellmate and took him out the cell. Then Lt.ferrell came in my cell along with c/o murry and another c/o. They all started beating me up. c/o murry was punching me on my head and slamming my head on the floor. Lt.ferrell was was hitting me on my sides and back, and the other c/o was punching my legs. Then they maced me again even though I was not resisting. They did not even try to cuff me instead they wanted to beat me up even though I was not resisting. Then the lieutenant ferrell cuffed me so tight that my wrists started bleeding. They where pushing me into every corner and door way injuring my shoulder. c/o murry tryed to push me down the stairs off 4 gallery with cuffs on. c/o murry and Lt.ferrell were pulling my cuffs up hurting my arms and were twisting my wrist from my cell to health care and segregation. At health care when I told the male nurse where I felt pain at Lt.ferrell said "your not so tuff now, Huh."

This is not the first time c/o murry violated my rights. Back in mid 2009 when I was in EAST 6-23 for no reason he did not let me go to Chapel a couple of times and I wrote a grievance on him. He got mad that I wrote him up and came back to my cell to verbally assault me and I wrote another grievance on him. After the second grievance he came back and verbally assaulted me again. I told Lt.ferrell and he walked off and told my neighbors in E6-22 "He's a bug and an asshole" about me. Then the Lt. moved me to East 5-05 and Months later to the rest house. My aggression level was a 6 and I never had any issues with any c/o's except c/o murry who always would come to work drunk and reeking of alcohol and always acted like he had a problem with most inmates. I sent a copy to the Warden & Counselor in Menard C.C. and got no response. Than I was transferred to Pont-iac C.C. and was not allowed to get this grievance until 10-3-2011. I sent a copy to Elite's grievance Officer but got no response. McNabb didn't sign.

11-8-2011

ATTN: Administrative Review Board
P.O. Box 19277
Springfield, IL 62794-9277

    I made copies of the attached Grievances (2) in Menard C.C. through the Seg Law Library assistant on July, 20, 2011 as labeled on the bottom left corner of the grievances. Checked the emergency box on both, and mailed a copy of each grievance to the Chief Administrative Officer and the Counselor in Menard Correctional Center. I never received a response from either person nor received the copies I mailed to them. (See proof of copies made at Menard C.C. Records office form DOC 0296 of "Offender Authorization for Payment DATED 7-19-11 of Mine). I was tranfered to Pontiac C.C. on 8-17-2011 and was not allowed to get my grievances from my legal box until 10-3-2011. (See Pontiac C.C. Records office form "P-036G" of Legal Storage). My property was not inventoried until 9-5-2011 and I made numerous request to Counselor Elits and Staff in Pontiac C.C. but no effort was done to uptain the grievances from my property violating my due process of the law.

    Once I got the copies of my grievances I mailed ~~numer those copies~~ a copy of each grievance to the Counselor of the North House in Pontiac C.C. and Elits

the grievance officer.

Again I received no response and made more copies of these grievances on 10/27/2011 shortly after I was moved to the Westhouse. I tryed again and mailed a copy of both grievances to the counselor McNabb and the grievance officer. They lost the grievance Dated the 7-18-2011 and on the other the counselor McNabb just wrote the word "Discipline" without signing the grievance and the greivance officer only said on the same one that I exceeded the time frame to file. Both facilities (Menard and Pontiac C.C.) did every thing in there effort to try and discourage me from pursueing my grievances. I continued to make copies to protect my self from such act and made every effort to exhaust my remidies. So if you could please take such violations into considurations and answer my grievances.

Thank you
Jamal Barghouti

JAMAL BARGHOUTI
#R57068
P.O. Box 99
PONTIAC, IL 61764