IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL BARGHOUTI, # R-57068, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-01258-GPM |
| | ) |
| WARDEN RANDY PFISTER, | ) |
| SARAH JOHNSON, OFFICER DAVIS, | ) |
| and DAVID REDNOUR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a thirty-five year sentence for aggravated criminal sexual assault. The events giving rise to this action occurred at Menard Correctional Center ("Menard"). Plaintiff claims that during his incarceration at Menard, he was the victim of excessive force (Doc. 1, pp. 4-5). He now sues four Defendants, including Officer Davis (Menard correctional officer), David Rednour (Menard warden), Randy Pfister (Pontiac Correctional Center ("Pontiac") warden), and Sarah Johnson (Illinois Department of Corrections administrative review board member) for violations of his Eighth Amendment rights. Plaintiff seeks declaratory judgment, injunctive relief, compensatory damages, and punitive damages (Doc. 1, p. 14).

A review of Plaintiff's complaint reveals he was transferred to the cell house where Defendant Davis works on July 4, 2011, following an altercation with a correctional officer (Doc. 1, pp. 3-4). Upon learning the reason for Plaintiff's transfer, Defendant Davis repeatedly assaulted him (Doc. 1, p. 4). He initially punched Plaintiff in the neck and back as Plaintiff

1

exited the shower. Following Plaintiff's interview with internal affairs the same day, Defendant Davis punched Plaintiff in the face and head (Doc. 1, p. 5). Defendant Davis also attempted to break Plaintiff's wrist while removing his handcuffs. Plaintiff's requests for help from internal affairs were ignored. His daily requests for medical attention from July 4, 2011, until August 12, 2011, were also ignored.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendant Davis.

However, Plaintiff's claim against Defendants Pfister and Rednour shall be dismissed. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged Defendants Pfister and Rednour are "personally responsible for the deprivation of a constitutional right." *Id.* Plaintiff's request for an injunction also does not warrant their inclusion in this matter because Plaintiff is not currently incarcerated at Pontiac, where Defendant Pfister serves as warden, or Menard, where Defendant Rednour serves as warden. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Accordingly, Plaintiff's claims against Defendants Pfister and Rednour shall be dismissed with prejudice.

Plaintiff has also failed to raise a colorable claim against Defendant Johnson based on her dismissal of his grievance. Plaintiff has failed to assert any allegations which suggest that Defendant Johnson was personally involved in a constitutional deprivation. She cannot be held liable for failing to "correct" the unconstitutional action of Defendant Davis, because she had no

personal involvement in that alleged use of excessive force.  This claim shall be dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 5) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

**Disposition**

Defendants **PFISTER, REDNOUR,** and **JOHNSON** are **DISMISSED with prejudice**.

Plaintiff has stated an Eighth Amendment claim against Defendant **DAVIS**. Accordingly, the Clerk of Court shall prepare for **DEFENDANT DAVIS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a determination of Plaintiff's motion to appoint counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** March 22, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge