IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL BARGHOUTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1258-GPM-DGW |
| ) | |
| RYAN DAVIS ) | |
| ) | |
| Defendant. ) | |

# ORDER

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Extension of Time (Doc. 26) and the Motion for Recruitment of Counsel (Doc. 27) filed by Plaintiff, Jamal Barghouti, on November 19, 2013. The Motion for Extension of Time is **GRANTED** and the Motion for Recruitment of Counsel is **DENIED**.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently

present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has made a sufficient attempt to acquire representation without Court assistance. Nonetheless, an attorney will not be recruited in this matter. Plaintiff indicates that he has some college education and that he is not taking any medication. The pleadings, motions, and other documents filed by Plaintiff all indicate that Plaintiff not only understands and reads/writes the English language but also that he is capable of requesting appropriate relief and following directions. That Plaintiff is not educated in the law or that he has limited access to a law library are not unique circumstances and do not automatically warrant the recruitment of counsel. This matter involves only one Defendant and one claim of excessive force. Such a claim is not complicated and should not require extensive discovery. Plaintiff appears sufficiently capable of prosecuting this matter without the assistance of counsel.

### MOTION FOR EXTENSION OF TIME

Plaintiff seeks additional time to respond to the Motion for Summary Judgment on the issue of exhaustion (Doc. 21) because he has limited access to the law library and he is awaiting discovery responses. Plaintiff is informed that general discovery in this matter was stayed pending resolution of the issue of exhaustion of administrative remedies (Doc. 38). However, Plaintiff is entitled to discovery related to exhaustion. Therefore, to the extent that Plaintiff has served discovery requests related to the issue of exhaustion of administrative remedies and to

which Defendant has not responded, Defendant is hereby **ORDERED** to respond by **December 6, 2013**. Plaintiff is further **GRANTED** an extension of time to **December 27, 2013** to file a response to the Motion for Summary Judgment (Doc. 33). The Pavey evidentiary hearing is **RESET** to **January 13, 2013 at 2:00 p.m.**

**IT IS SO ORDERED.**

**DATED: November 22, 2013**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**